UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAN G. VERHAAG, SR.,<br><br>    Plaintiff,<br><br> v.<br><br>JESUS COLLAZO, individually and as a married community, d/b/a/ PONDEROSA LAND AND LOGGING COMPANY, et al.,<br><br>    Defendants. | NO. CV-11-028-RMP<br><br>ORDER DISMISSING COMPLAINT AND ENTERING JUDGMENT |

  Plaintiff, Dan G. Verhaag, Sr., a *pro se* litigant proceeding *in forma pauperis*, filed a *pro se* complaint, **ECF No. 4**, on January 24, 2011, alleging fraud, negligence, negligent and intentional infliction of emotional distress, outrage, and violations of the Washington Consumer Protection Act, Chapter 19.86 RCW, and the Washington Criminal Profiteering Act, Chapter 9A.82 RCW. Mr. Verhaag brings this action against numerous defendants, named in part in the caption above,

ORDER DISMISSING COMPLAINT AND ENTERING JUDGMENT ~ 1

who are all Washington residents, according to Mr. Verhaag's complaint. Defendants have not yet been served.

The Court must screen complaints brought by litigants proceeding *in forma pauperis* and shall dismiss the proceeding at any time if the action or appeal:

(i) is frivolous or malicious;

(ii) fails to state a claim upon which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

In addition, the Court must dismiss an action if at any time it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002). Therefore, a federal court may not hear an action if that court has not been granted jurisdictional authority to hear the issues raised in that action. Federal district courts "are presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). For this reason, a plaintiff bringing a complaint in federal court must affirmatively allege the basis of subject-matter jurisdiction. Specifically, a complaint must contain "a

ORDER DISMISSING COMPLAINT AND ENTERING JUDGMENT ~ 2

short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a).

Generally, federal district courts have subject-matter jurisdiction over two types of cases. A district court has original jurisdiction of all civil actions arising under the Constitution, law, or treaties of United States. 28 U.S.C. § 1331. In addition, a district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state ... as plaintiff and citizens of a State or of different states. 28 U.S.C. § 1332.

Therefore, Mr. Verhaag's complaint must properly allege facts that would establish either federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332, for this Court to retain his action.

Mr. Verhaag's complaint alleges causes of action that all arise under Washington State law. There are no federal causes of action alleged or any allegations that federal laws are involved in this action. Therefore, this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. The Defendants named in Mr. Verhaag's complaint are all Washington residents, according to the complaint. ECF No. 4 at 3-4. Mr. Verhaag is also a Washington

ORDER DISMISSING COMPLAINT AND ENTERING JUDGMENT ~ 3

resident.  ECF No. 4 at 3.  Therefore, Mr. Verhaag has not shown that there is a basis for diversity jurisdiction under 28 U.S.C. § 1332 because all of the parties are citizens of the same state.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Plaintiff's complaint, **ECF No. 4**, is dismissed for lack of subject-matter jurisdiction.

2. Judgment is to be entered **WITHOUT PREJUDICE**.

3. This file shall be **CLOSED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to Mr. Verhaag.

DATED this 25th day of May, 2011.

                              *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                            Chief United States District Court Judge

ORDER DISMISSING COMPLAINT AND ENTERING JUDGMENT ~ 4